UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                   No. 03-4681

DARON LAMONT JACKSON,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Rebecca Beach Smith, District Judge.
(CR-01-20)

Submitted: December 17, 2003

Decided: January 6, 2004

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Larry W. Shelton, Supervisory Assistant Federal Public Defender, Norfolk, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Timothy R. Murphy, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Daron Lamont Jackson appeals his twenty-four month sentence, imposed by the district court for violations of his supervised release. We affirm.

We review an order imposing a sentence after revocation of supervised release for abuse of discretion. *United States v. Davis*, 53 F.3d 638, 642-43 (4th Cir. 1995). The district court abuses its discretion when it fails or refuses to exercise its discretion or when its exercise of discretion is flawed by an erroneous legal or factual premise. *See James v. Jacobson*, 6 F.3d 233, 239 (4th Cir. 1993). The district court need only find a violation of a condition of supervised release by a preponderance of the evidence. *See* 18 U.S.C. § 3583(e)(3) (2000); *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). A defendant may be sentenced to a maximum of two years for a violation of supervised release when his underlying offense is a Class C or D felony. 18 U.S.C. § 3583(e)(3).

Chapter Seven of the *U.S. Sentencing Guidelines Manual* sets forth policy statements offering recommended sentencing ranges for revocation of probation and supervised release. Chapter Seven is advisory and non-binding. *Davis*, 53 F.3d at 642. However, the Court should consider the policy statements before imposing sentence. *Id.* If the Court has considered the relevant factors and the applicable policy statements, the Court has the discretion to impose a sentence outside the ranges set forth in the Guidelines. *Id.* "A court need not engage in ritualistic incantation in order to establish its consideration" of the policy statements. *Id.*

We conclude the district court did not abuse its discretion. There was sufficient evidence for the court to conclude that Jackson was irresponsible, had lied to the court, and would likely be a recurring

problem. The district court therefore properly concluded that a twenty-four month sentence was appropriate. Accordingly, we affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*